IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STANLEY L. COONS, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-132-MHT |
| | ) | |
| DENNIS MEEKS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed February 23, 2010). By Order filed this same date, the Magistrate Judge granted permission for Stanley Coons to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. In addition, the Court has conducted a review pursuant to 28 U.S.C. § 1915(e)(2)(B)[1] and finds that Defendant Covington County Sheriff's Department is due to be dismissed under § 1915(e)(2)(B).

**I. PARTIES AND COMPLAINT**

Plaintiff Stanley L. Coons, Jr. ("Coons" or "Plaintiff") is a resident of Gantt in

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Covington County, Alabama which is located within the Middle District of Alabama. On February 17, 2010, Coons initiated this action by filing a Complaint. *See* Doc. 1. He asserts claims against Covington County Sheriff Dennis Meeks, Lt Howard West of the Covington County Sheriff's Department, Covington County, and the Covington County Sheriff's Department. *Id*. Coons' presumably asserts his claims under 42 U.S.C. § 1983 specifically for false imprisonment, denial of an attorney, and due process violations - i.e. that Defendants were deliberately indifferent to his medical needs and failure to pursue the motions he filed in the Covington County Courthouse. *Id*. He claims these violations occured between December 9, 2008 and February 22, 2009. *Id*.

## II. DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). A two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted). First, the court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines

that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Moreover, a claim is clearly baseless and due dismissal when the allegations are "fanciful," "fantastic," and "delusional." *Denton*, 504 U.S. at 32-33, 112 S.Ct. at 1733 (citations omitted). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[2]

The complaint filed by Smedley satisfies the economic eligibility criteria of §

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

1915(a)(1), and therefore may be filed without prepayment of fees. However, the Court is of the view, that part of the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) - (ii).

### A. Covington County Sheriff's Department

Coons brings claims against the Covington County Sheriff's Department. Under Alabama law, the Covington County Sheriff's Department is not a legal entity subject to suit or liability. *See Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (citations omitted) ("Under Alabama law, a county sheriff's department lacks the capacity to be sued."). For this reason, all claims in Coons' Complaint against the Covington County Sheriff's Department merit dismissal before service pursuant to § 1915(e)(2)(i)-(ii).

### B. Remaining Defendants

At this time, there are sufficient factual allegations that warrant the service of this action on Covington County, Sheriff Meeks, and Lt. West. This however, does not preclude further review under 28 U.S.C. § 1915 should the Court determine it to be necessary.

### III. CONCLUSION

Accordingly, it is **ORDERED** that the Clerk of Court serve the Summons, Complaint, a copy of all Orders entered by the Court, and a copy of this Report and Recommendation on Covington County, Sheriff Meeks, and Lt. West.

It is also the **RECOMMENDATION** of the Magistrate Judge that:

(1)   Plaintiff's claims against Defendant Covington County Sheriff's Department

be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

(2)     This case be referred back to the Magistrate Judge for additional proceedings.

**IT IS FURTHER ORDERED** that the parties file any objections to this *Recommendation* on or before **April 7, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner*, 661 F.2d 1206 (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 24th of March, 2010.

                                       /s/ Terry F. Moorer
                                       TERRY F. MOORER
                                       UNITED STATES MAGISTRATE JUDGE