IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STANLEY L. COONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-132-MHT |
| | ) | |
| SHERIFF DENNIS MEEKS, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. *See* Doc. 3, filed February 23, 2010. Now pending before the Court are Plaintiff's "Motion for Summary Judgment" (Doc. 16), which the Court construes as a Motion for Default Judgment, and the Defendants' Motion to Dismiss and Brief in Support (Docs. 18 and 19). For good cause herein shown, it is the recommendation of the Magistrate Judge that the Plaintiff's Motion for Default Judgment (Doc. 16) should be **DENIED**, and the Defendants' Motion to Dismiss (Doc. 18) should be **GRANTED IN PART and DENIED IN PART**.

### I. PARTIES, COMPLAINT, AND PROCEDURAL HISTORY

*Pro se* plaintiff Stanley L. Coons, Jr. ("Plaintiff") filed this suit on February 17, 2010. *See* Doc. 1, Complaint. The Complaint names Sheriff Dennis Meeks and Lieutenant Howard West, the Covington County Sheriff's Department, and Covington

County, Alabama as defendants.  In his complaint, Plaintiff alleges that from December 9, 2008 to February 22, 2009, the Defendants violated his civil rights under the 4th, 5th, and 6th Amendments to the U.S. Constitution, falsely imprisoned him, denied him an attorney or knowledge of charges as to why he was being detained in jail, and also denied him habeas corpus rights.  *Id*.  Plaintiff indicates that these violations "were done with malice."  *Id*.

He specifically claims that he was first held in the Covington County Jail under two pending charges.  *Id*.  One charge was adjudicated on December 3, 2008, and the court allegedly ordered that Plaintiff be released from jail on the condition of meeting bond on a second charge.  *Id*.  Plaintiff states that on December 7, 2008 "I requested that my heart medication be restarted."  *Id*.  On December 9, 2008, Plaintiff claims to have secured the required bond for the second charge.  *Id*.  However, Defendant West came to the jail and informed the jailer that pursuant to the directions of Sheriff Meeks, the Plaintiff should not be released.  *Id*.  Plaintiff states that he was not charged with any additional crime.  *Id*.  Plaintiff believes that the actions of Lieutenant West constituted a false arrest.  *See* Doc. 21 at pp. 5-6.  Plaintiff filed three motions with the Covington County Court on January 6, 2009 requesting an attorney, petitioning for a hearing, and requesting a writ of habeas corpus.  *See* Doc. 1 at p. 1.  These motions were apparently not addressed until March 2009.  *See* Doc. 21, Exhibit 1 at pp. 3-4.

On February 18, 2009 – about 73 days after he alleges to have requested that his medication be restarted – the Plaintiff suffered a serious heart attack.  *Id*.  The jail transported the Plaintiff by air to Flowers Hospital in Dothan.  *Id*.  Plaintiff reports that he

sustained 68% damage to the right side of his heart, and he substantiates his claim of injury by attaching an exhibit from his doctor, Kevin Williams, M.D.[1]  *Id*.  The hospital released the Plaintiff to the custody of the jail on February 21, 2009.  *Id.*  The jail then released him the following day, February 22, 2009.  *Id.*

On March 24, 2010, the Court entered an order granting the Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 9) as well as a separate Order and Recommendation directing the Clerk to serve the complaint and summons on the defendants (*See* Doc. 10).  The court further recommended that (1) Plaintiff's claims against Defendant Covington County Sheriff's Department be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) because the Sheriff's Department is not a legal entity subject to suit or liability, and that (2) the case be referred back to the Magistrate Judge for additional proceedings.  *See* Doc. 10.  The Defendants were served with the Complaint and Order and Recommendation on March 25, 2010.  *See* Doc. 14.  Neither party filed an objection to the Recommendation.  On April 13, 2010, Honorable Judge Myron H. Thompson adopted the Recommendation, dismissed the Sheriff's Department as a defendant, and referred the case back to the undersigned Magistrate Judge.  *See* Doc. 15.

On April 23, 2010, the Plaintiff filed his "Motion for Summary Judgment, citing April 15, 2010 as the deadline for the Defendants to answer his complaint.  *See* Doc. 16.

---

[1] Dr. Williams does not specifically report 68% damage to the right side of the heart, but he does report that Plaintiff has "class 3 symptoms of congestive heart failure," that Plaintiff is "at a risk of sudden cardiac death," that he is permanently disabled, and that "[h]e has about a 50% chance of surviving 5 years."  Doc. 1, Complaint Attachments.

The Defendants filed a Response arguing that the Plaintiff's Motion for Summary Judgment could not be granted as there was no responsive pleading filed, and therefore, the Plaintiff's Motion should be treated as a Motion for Default Judgment – not a Motion for Summary Judgment. *See* Doc. 17.   In defense of a Motion for Default, the Defendants further asserted that their answers were not due until April 28, 2010 – 14 days after Judge Thompson's Order adopting the Recommendation. *Id.*

Finally, on April 27, 2010, the Defendants filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Doc. 18.   The Defendants claim that they are entitled to have the Plaintiff's Complaint dismissed in its entirety because (1) the Plaintiff failed to state a claim upon which relief could be granted, (2) Covington County is not liable as a matter of law, and (3) the two remaining individual defendants – Sheriff Meeks and Lieutenant West – are entitled to qualified immunity. *See* Doc 18. Pursuant to the Court's Order (Doc 20) the Plaintiff and Defendants filed a Response and Reply, respectively. *See* Docs. 21 and 22.   The motions have been fully briefed and are ripe for review.

## II. JURISDICTION AND VENUE

The Court finds that it exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1343(a) (civil rights), and 42 U.S.C. § 1983 (Civil Rights Act of 1871, as amended).   Insofar as the Plaintiff has alleged a claim under state law, the Court has supplemental jurisdiction over that claim under 28 U.S.C. § 1367(a). Furthermore, there are allegations sufficient to support personal jurisdiction and venue.

## III. STANDARD OF REVIEW

### A. Motion for Default Judgment

Entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." FED. R. CIV. P. 55(a).   A default judgment is inappropriate where the party who owes a responsive pleading has filed an answer or other responsive motion "prior to [the] motion for default" or "within [the] time set by court."  *Fisher v. Office of State Att'y 13th Judicial Cir. Fla.*, 162 F. App'x. 937, 941 (11th Cir. 2006) (citation omitted).   "[T]here is a strong policy of determining cases on their merits and [a court should] therefore view defaults with disfavor."  *In re Worldwide Web Syss., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (citing *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)).

### B. Motion to Dismiss

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (*overruled on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *accord Giles v. Wal-Mart Distribution Center*, 359 F. App'x. 91, 93 (11th Cir. 2009).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore v. Day*, 125 F. Supp. 2d 468, 471 (M.D. Ala. 2000).   To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (holding that a complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)).  In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997)).  However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[5]

  Thus, a complaint should be dismissed "when the allegations [within], however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558.  Further,

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id*. (citations omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 1964-65 (citations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  *Id*.  It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery."  *Id*. at 1968 (internal quotation and alteration omitted).  That said, a complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts.  *Twombly*, 550 U.S. at 556.  Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low."  *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

## IV. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

When the previous Recommendation was entered on March 24, 2010, the time for the Defendants to respond was delayed until the Recommendation was adopted or rejected by the District Judge.  The Defendants were not obligated to file a responsive pleading or motion until 14 days after the Recommendation was adopted by the Court's order on April 13, 2010.  *See* Doc. 15.  The Defendants filed their Motion to Dismiss and Brief in Support on April 27, 2010.  *See* Docs. 18 and 19.  Therefore, default judgment is inappropriate because the (1) Defendants' response was timely filed, and (2) there is a

strong policy of determining cases on the merits.  *See Fisher*, 162 F. App'x. at 941; *In re Worldwide Web Syss., Inc.*, 328 F.3d at 1295.  Therefore, construing the Plaintiff's Motion for Summary Judgment (Doc. 16) as a Motion for Default Judgment, the Court should deny the Motion.

## V. DEFENDANTS' MOTION TO DISMISS

The Defendants argue that the complaint should be dismissed because (1) the Plaintiff fails to state a claim upon which relief can be granted; (2) Covington County, Alabama cannot be held liable as a matter of law; and (3) the individual defendants, Sheriff Meeks and Lieutenant West, are entitled to qualified immunity.  The Court will first consider whether the defense of qualified immunity requires application of the heightened pleading standard, and then address each of the Defendants' three arguments in turn.

### A.      Whether the Complaint Is Subject to the Heightened Pleading Standard

Eighteen years ago, the Eleventh Circuit Court of Appeals began to require plaintiffs bringing claims pursuant to 42 U.S.C. § 1983 to satisfy a heightened pleading standard. *See, e.g., Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992), *cert. denied*, 507 U.S. 987 (1993).  To satisfy this heightened pleading standard, a plaintiff must plead his claims with some factual detail.  *Id*. at 1485.  Despite an apparent trend against heightened pleading requirements,[2] the Eleventh Circuit continued to

---

[2] [14]The First, Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and D.C. Circuits rejected heightened pleading.  *See Kirkland v. County Comm'r of Elmore County, Alabama,* 2009 WL 773205, *4 (M.D. Ala. 2009) (Fuller, C. J.) (discussing heightened pleading in Eleventh Circuit and collecting cases from other circuits).

reiterate this requirement in civil rights cases to the extent they are brought against individual defendants who might raise a qualified immunity defense. *See, e.g., Swann v. S. Health Partners, Inc.,* 388 F.3d 834, 838 (11th Cir. 2004); *Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir. 2003); *Gonzalez v. Reno,* 325 F.3d 1228, 1235 (11th Cir. 2003).

In June 2010, the Eleventh Circuit held that the U.S. Supreme Court's decisions in *Jones v. Bock*, 549 U.S. 199 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct 1937 (2009) effectively overturned Eleventh Circuit law on the heightened pleading standard in the context of "cases subject to Rule 8(a)(2), including civil rights complaints." *Randall*, 610 F.3d at 709-10. "Pleadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense shall now be held to comply with the standards described in *Iqbal*." *Id.* To the extent that the Defendants argue that the Plaintiff's Complaint should be held to the heightened standard the Court must ignore those arguments.[3]

**B.    Whether the Plaintiff Fails to State a Claim**

      **i.    *§ 1983 Claims Generally***

42 U.S.C. § 1983 creates a mechanism to recover monetary damages from and secure injunctive relief against governmental actors and entities whose actions under color of state or local law deprive a plaintiff of rights, privileges, or immunities secured by the United States Constitution or federal statutes. *Malone v. Parker*, 953 F. Supp. 1512, 1515 (M.D. Ala. 1996). Section 1983 itself creates no substantive rights; rather, it

---

[3] This is no fault of the Defendants as they submitted their motion and reply prior to the Eleventh Circuit's holding in *Randall*.

provides a remedy for deprivation of federal rights established elsewhere.  *Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989) (citations omitted).

To obtain relief under § 1983, a Plaintiff must show that a person acting under color of state law deprived him of a federal right.  *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000).  The Supreme Court has reiterated this requires "*both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"  *Id*. (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999)) (emphasis in original); *see also West v. Atkins*, 487 U.S. 42, 48-49 (1988) (reiterating two prong requirement).  The Plaintiff in the instant case satisfies these general requirements.

### ii.   *Plaintiff's Specific § 1983 and State Law Claims*

The Plaintiff alleges that he was falsely imprisoned and that he suffered violations of his Fourth, Fifth, and Sixth Amendment rights under the United States Constitution as well as his "rights under habeas corpus."[4]  He further asserts facts in support of claim for

---

[4] Plaintiff later asserts in his "Motion for Summary Judgment" as well as his Response to the Motion to Dismiss that the Defendants violated his Eighth Amendment rights.  *See* Docs. 16 and 21.  The Court can only consider what the Plaintiff has pleaded in the Complaint.  While the Eighth Amendment is not named among the violations within the complaint, the allegations of the complaint do support a *prima facie* case for Fourteenth Amendment deliberate indifference to the Plaintiff's medical condition.

Also, Plaintiff asserts violation of his Third Amendment rights in his Response to the Motion to Dismiss.  Doc. 21 at p. 2 (citing "no charges for the arrest").  Again, no new claim may be considered which is outside the Complaint.  However, it seems this reference to the *Third*

deliberate indifference to his medical treatment, although he does not cite relevant law to support that claim.  Rule 8 of the Federal Rules of Civil Procedure simply requires that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Rule 8 also states that "[p]leadings must be construed so as to do justice."  *Id.* at (e).  A *pro se* litigant's pleadings are entitled to less stringent treatment than pleadings drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his pleadings are to be construed liberally.  *Alba v. Montford*, 517 F.3d 1249, 1251 (11th Cir. 2008), *cert. denied*; 129 S. Ct. 632 (2008); *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Without going beyond the role of neutral arbiter and acting as *de facto* counsel for the Plaintiff, it is proper for the Court to attempt to make sense of a *pro se* Plaintiff's assertions.  *See GJR Investments,* 132 F.3d at 1369.

As the Defendants point out in their Motion to Dismiss, the Plaintiff rather aimlessly alleges violations of certain constitutional rights without clearly stating how the Defendants violated these rights (e.g., "I feel that my rights have been violated under the 4th, 5th, and 6th Bill of Rights.")  Doc. 1 at p. 2.  On the other hand, Plaintiff does factually assert some cognizable claims for relief without properly associating the claims to relevant Constitutional amendments.  The Court will consider all the claims – meritorious and non-meritorious – individually.

---

Amendment was a misnomer for his the *Fourth* Amendment claim for false arrest / false imprisonment; that claim is discussed later in this section.

### (a)    False Imprisonment Under the Fourteenth Amendment

The Plaintiff cites violation of the Fourth Amendment in his complaint, but he does not say what rights under the Fourth Amendment are at issue.  In his Response to the Motion to Dismiss, Plaintiff attempts to clarify that his continued detention amounted to an arrest without probable cause.  *See* Doc. 21 at pp. 5-6.  The Defendants aptly note that if the Plaintiff asserts a false arrest, the facts of the complaint would not compliment that assertion since the Plaintiff was *already* in jail.[5]  *See* Doc. 22 at p. 7.  The Plaintiff does, however, specifically allege in the Complaint that he was falsely imprisoned.  *See* Doc. 1 at p. 2.  False imprisonment by a state actor under § 1983 arises under the Fourteenth Amendment – not the Fourth.   *See Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir.1996) (citing *Baker v. McCollan,* 443 U.S. 137, 142 (1979)).  The Eleventh Circuit has held that "a § 1983 false imprisonment claim must meet the elements of common law false imprisonment and establish that the imprisonment worked a violation of [F]ourteenth [A]mendment due process rights."  *Cannon v. Macon County*, 1 F.3d 1558, 1562-63 (11th Cir. 1993) (citing *Douthit v. Jones,* 619 F.2d 527, 532 (5th Cir. 1980)); *see also White v. Thompson*, 299 F. App'x 930, 932 (11th Cir. 2008) (stating that false imprisonment infringes upon due process "liberty interests").  "The elements of a common law false imprisonment cause of action are '(1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting

---

[5]  In the Plaintiff's Response to the Motion to Dismiss he tries to show that his Fourth Amendment claim was based on his unlawful arrest.  *See* Doc. 21 at page 5.  Plaintiff there asserts that the Defendants lacked probable cause to "arrest" him.  *Id.* at 5-6.  This position is untimely (it belonged in the Complaint) and untenable (the Plaintiff was clearly *already* in custody).  There was not a second arrest.

harm.'"  *Douthit,* 619 F.2d at 532 (citations omitted).   A plaintiff must show that the defendant acted with deliberate indifference in violating his due process rights.  *White*, 299 F. App'x at 933 (11th Cir. 2008).   To demonstrate deliberate indifference, "the plaintiff must show the defendant: (1) had subjective knowledge of a risk of serious harm; and (2) disregarded that risk; (3) by conduct that is more than mere negligence."  *Id.* (citing *West v. Tillman,* 496 F.3d 1321, 1327 (11th Cir. 2007)).

The complaint alleges that the Defendants did not release the Plaintiff once he posted bond.  *See* Doc. 1 at p. 1.  The Plaintiff further alleges that the Sheriff ordered that he be held in custody without informing him of the reason for his detention or any charges against him.  *Id.*  The Plaintiff does not explicitly allege that he suffered a deprivation of his liberty, but to dismiss this claim for not using specific due process language would ignore the essence of the complaint.  The Plaintiff alleges that he was entitled to be released from jail upon satisfaction of a court-ordered bond, and yet, according to the Plaintiff, he was detained over two months without explanation.  *Id.* Furthermore, he alleges willful intent on the part of the Defendants in his assertion that they acted with "actual malice." [6]  Doc. 1 at p. 2.

The Defendants anticipated the potential construction of this claim, which they characterize in their Motion as Plaintiff's "over-detention."  Doc. 19 at p. 9.  Defendants argue that the Complaint lacks sufficient details to show the Defendants had the requisite knowledge (*Id.*).  Plaintiff did claim that the Defendants acted with malice.  *See* Doc. 1 at

---

[6] Black's Law Dictionary defines actual malice as "[t]he deliberate intent to commit an injury . . . ."  BLACK'S LAW DICTIONARY (8th ed. 2004).  Plaintiff therefore alleges that the defendants knew about the harms at the basis of his claims for relief.

p. 2.  The Defendants further argue in hypothetical terms that if they were detaining the Plaintiff in spite of knowledge that he satisfied his bond, they may have had a very legitimate reason to do so.  While such could easily be the case, it does not change the fact that the Plaintiff's allegations are facially sufficient to sustain a claim for deliberate indifference as to his false imprisonment.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal,* 129 S. Ct. at 1951.

While the Plaintiff may find it difficult to substantiate his claim of false imprisonment or unlawful detention once the Defendants file an answer to the Complaint, under a 12(b)(6) motion to dismiss, the Court is only concerned at present with whether the Plaintiff asserts sufficient facts to establish a claim upon which relief can be granted. *See Iqbal*, 129 S. Ct. at 1959.  "*Twombly* does not require a court at the motion-to-dismiss stage to consider whether the factual allegations are probably true.  [O]n the contrary . . . a court must take the allegations as true, no matter how skeptical the court may be."  *Id.* Whether or not this pleading should withstand the other arguments in the Defendants' Motion to Dismiss is discussed separately below.

### (b)    False Imprisonment Under Alabama Law

The Court may entertain state law claims on the basis of its supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a).  Plaintiff merely claims that he was falsely imprisoned without directly connecting that claim to a Constitutional right; hence, the Court, out of an abundance of caution, construes the Complaint to allege a state law claim for false imprisonment in addition to a false imprisonment claim under § 1983.  Alabama

law defines the tort of false imprisonment as "the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty."  ALA. CODE § 6-5-170.  The Alabama Supreme Court has held that "there must be some direct restraint of the person. . . . Any exercise of force, or the express or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment." *Crutcher v. Wendy's of N. Ala., Inc*., 857 So. 2d 82, 92 (Ala. 2003) (citing *Crown Cent. Petroleum Corp. v. Williams,* 679 So. 2d 651, 653 (Ala. 1996)).  For the reasons described above in the analysis of false imprisonment in the Fourteenth Amendment context, the Plaintiff alleges sufficient facts to support such a state law claim for false imprisonment.

### (c)     Fifth Amendment Claims

Plaintiff alleges the defendants violated his Fifth Amendment rights were also violated.  A common flaw in civil rights complaints is allegations of violations of constitutional rights that do not apply in this context.  It is fundamental to constitutional law that the Due Process Clause of the Fifth Amendment applies only to conduct committed by officials of the *federal* government; it does not apply to *state* actors.  *See Riley v. Camp*, 130 F.3d 958, 972 n.19 (11th Cir. 1997) (Tjoflat, J., dissenting from the denial of rehearing en banc).  When state actors are defendants, claims for violations of a Plaintiff's due process rights must proceed under the Fourteenth Amendment Due Process Clause.  No federal actors are named as defendants in this case; thus the Fifth Amendment provides no basis for relief for the Plaintiff, and his Fifth Amendment claims

merit dismissal.  Insofar as the Plaintiff was deprived of his due process right to liberty, such a claim seems to rest in his allegations of false imprisonment and/or deliberate indifference to unlawful detention in violation of the Fourteenth Amendment.

### (d)    Sixth Amendment Claims

The plaintiff also asserts Sixth Amendment violations, but does not directly connect the assertion to a specific entitlement in the Constitution.  The Court presumes that the alleged Sixth Amendment violation relates to his claims that he was denied an attorney or knowledge of any charges, both of which are entitlements under the Sixth Amendment, applicable to the states by virtue of the Fourteenth Amendment.  *See Faretta v. California,* 422 U.S. 806, 818 (1975) (holding that "these rights . . . are part of the 'due process of law' that is guaranteed by the Fourteenth Amendment to defendants in the criminal courts of the States").  However, the United States Supreme Court "has emphatically ruled that the Sixth Amendment is not implicated until adversarial judicial proceedings have been initiated."  *Little v. City of North Miami*, 805 F.2d 962, (11th Cir. 1986) (citations omitted).

In the instant case, the Plaintiff alleges that he was to be released when he secured a bond on a remaining charge, but instead, Sheriff Meeks ordered that he be detained indefinitely.  Plaintiff does not allege that he was denied an attorney or knowledge of the charges that *first* brought him into the Sheriff's custody at the jail prior to December 3, 2008.  After his hearing on that date, no new "adversarial judicial proceedings" were initiated against the Plaintiff.  Thus, the Sixth Amendment was not implicated.

(e)      **Deliberate Indifference to Plaintiff's Medical Needs**

To establish a claim for deliberate indifference, a Plaintiff must first allege an "objectively serious medical need;" and then he must show that the "Defendants (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence. *Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1234 (11th Cir. 2010) (citing *Burnette v. Taylor,* 533 F.3d 325, 1330 (11th Cir. 2008)). Furthermore, the Plaintiff must also show that the Defendants' conduct actually caused his injury. *See Harper,* 592 F.3d at 1234 (citing *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1028 (11th Cir. 2001)).

In the context of the instant complaint, a claim for deliberate indifference to medical needs arises under the Fourteenth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985). "Claims involving the mistreatment of *arrestees or pretrial detainees in custody* are governed by the Fourteenth Amendment's Due Process Clause" while "the Eighth Amendment's Cruel and Unusual Punishment Clause . . . applies to such claims by *convicted* prisoners." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (emphasis added). Plaintiff was not held in custody under a sentence in the instant case; therefore, the Fourteenth Amendment applies.

In his Complaint, the Plaintiff does not cite either the Eighth or Fourteenth Amendments;[7] nor does he use the term "deliberate indifference." Plaintiff does state that he "requested that [his] heart medication be restarted" on December 7, 2008. Doc. 1

---

[7] While the Plaintiff does cite the Eighth Amendment in subsequent Motions and Responses, the Court is bound to consider only the allegations within the Complaint. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

at p. 1.  He further states that he had a severe heart attack on February 18, 2009.  *See* Doc. 1 at p. 2.  Plaintiff documents the consequences of the heart attack in the exhibits attached to the Complaint.  *See* Doc. 1 Exhibits.  Finally, he states, "these violations were done with malice."  Doc. 1 at p. 2.  The Court deems the allegation sufficient to support a claim that the defendants showed deliberate indifference toward the Plaintiff's heart condition and need for medication.  *See generally* Doc. 1.

In response, the Defendants counter that the Plaintiff does not state (1) whether his request was ever honored, (2) whether the request or information regarding Plaintiff's heart medication ever came to the attention of specific defendants, etc.  *See* Doc. 19 at pp. 8-9.  Nevertheless, this *pro se* Plaintiff's deliberate indifference allegations are sufficient for Rule 8 purposes, especially since the heightened pleading standard is now defunct. *See Randall,* 610 F.3d at 710.   In *Bell Atlantic Corp. v. Twombly,* the Court acknowledged, "the Federal Rules eliminated the cumbersome requirement that a claimant *set out in detail the facts* upon which he bases his claim." *Twombly,* 550 U.S. at 553 n. 3 (citation omitted) (emphasis added).  Nevertheless, a court should still "require[] a [factual] showing, rather than a blanket assertion, of entitlement to relief" in order to give a Defendant *"not only fair notice of the nature of the claim, but also [the] grounds on which the claim rests*." *Id*.  Even though this *pro se* Complaint does not assert every fact conceivably helpful towards establishing his claim, or the specific constitutional grounds on which the claim rests, this Court has the latitude to construe the Complaint liberally.  *U.S .v. Reid,* 364 F. App'x. 554, 556 (11th Cir. 2010) (citation omitted).

The Defendants further argue that for the Plaintiff to successfully plead deliberate indifference he must claim that the Defendants actually *knew* about his medical condition. *See* Doc 19 at p. 8. The Defendants fail to note that the Plaintiff alleges that his constitutional rights were violated with "actual malice."[8] *See* Doc 1 at p. 2. Thus, the Plaintiff has pled sufficient facts to make a *prima facie* case for deliberate indifference to a serious medical need. Construing the complaint liberally, the Plaintiff satisfies the Rule 8 standard articulated in *Twombly* and *Iqbal* by stating a colorable claim for deliberate indifference; however, the Court recommends that if this Recommendation is adopted, the Plaintiff be required to amend his complaint to provide more factual detail.[9] Whether or not the Complaint should withstand the other arguments in the Defendants' Motion to Dismiss is discussed separately below.

(f)     **Habeas Corpus Rights**

Finally, the Plaintiff states that he was "[d]enied [his] rights under Habeas Corpus." Doc. 1. There are no facts in the complaint that support this assertion and no reference to any relevant constitutional provisions. In his Response to the Motion to

---

[8] The Supreme Court has held that "*bare allegations of malice should not suffice* to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow v. Fitzgerald,* 457 U.S. 800, 817-18 (1982) (emphasis added). The Court further held that defendants with qualified immunity "*generally* are shielded from liability for civil damages *insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known*." *Id.* (emphasis added). While the Plaintiff's allegation of malice *is not* supported by facts relating to the Defendants' intent and knowledge, the claim for denial of medical treatment *is* substantiated with facts asserting conduct in violation of clearly established constitutional rights.

[9] Namely, Plaintiff's amended complaint should identify the relevant Constitutional provisions that apply to Plaintiff's § 1983 cause of action, factual details about what the Defendants did and knew, how the Defendants' conduct gives rise to his claim, and what sort of relief the Plaintiff seeks from the Court.

Dismiss, the Plaintiff connects his "rights of habeas corpus" to the Fifth Amendment Due Process Clause (*See* Doc. 21 at p.4), but as discussed above, the Fifth Amendment does not apply to state actors. *Riley*, 130 F.3d at 972 n.19. Inasmuch as the Plaintiff asserts a violation of his procedural due process rights under the Fourteenth Amendment for the Defendants' failure to respond to his complaints filed with the Covington County Circuit Court, the Plaintiff does not allege that he was actually prohibited from seeking relief in state court. "[A] procedural due process violation is not complete unless and until the State fails to provide due process. . . . [O]nly when the [S]tate refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *Murphy v. Franklin*, 510 F. Supp. 2d 558, 562 (M.D. Ala. 2007) (citing *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (internal citations omitted). Therefore, the ambiguous claim for denial of habeas corpus – even if construed as a denial of procedural due process – is due to be denied.

   iii.   *Summary of Claims*

   The Plaintiff's Complaint does not entirely fail to state a claim upon which relief could be granted. Construing the Complaint liberally, Plaintiff pleads cognizable claims for (1) § 1983 deliberate indifference to his false imprisonment or unlawful detention, (2) § 1983 deliberate indifference to his need for medical treatment, and (3) state law false imprisonment. Such claims are viable under the Fourteenth Amendment and Alabama state law. All other allegations in the Complaint concerning other violations of Plaintiff's civil rights are baseless and due to be dismissed for the reasons discussed above.

### (a)       Whether Covington County Is Due to be Dismissed

The Plaintiff identifies Covington County, Alabama as a Defendant in this action. He does not explain in his Complaint how the County is specifically responsible for violating his rights.  The Plaintiff does assert in his Response to the Motion to Dismiss that the County and the sheriff are in a joint venture.  *See* Doc. 21 at p. 3.  In the Response, the Plaintiff also alleges that the County owns the courthouse and employs the clerk's office employees who did not act promptly in response to his motions and petitions for relief from incarceration.  *See* Doc. 21 at p. 4.

The Defendants contend that Covington County, Alabama has no responsibility for the sheriff, his employees, or the day-to-day operations of the jail.  *See* Doc. 19 at p. 5.  In response to the allegations made outside the complaint, the Defendants further contend that even if the Plaintiff's joint venture theory were plausible, the Plaintiff has failed to plead that he suffered a harm for which the County could be liable.  *See* Doc. 22 at p. 6.  Finally, the Defendants counter that the State of Alabama, not Covington County, employs the court personnel at the Covington County Circuit Clerk's Office.  *See* Doc. 22 at p. 6.

When the Court liberally construes the Complaint, it is not possible to say that the Plaintiff sufficiently asserts that the county is liable for the action or inaction of county courthouse employees.  *See* Doc. 1 at pp. 1-2.  Even if Plaintiff had asserted such a claim, the Defendants are correct: the claim would not stand.  Assuming that the Plaintiff actually pled that the County was liable, Plaintiff's claims against the County for the actions of court employees must be premised upon a theory of *respondeat superior,* and

the Supreme Court has explicitly held that this sort of liability is not permissible in the context of §1983 claims. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Further, the *State of Alabama* actually employs county courthouse staff members. Thus the only allegation against the County that could reasonably be found in the Complaint is that the County, in addition to the individual defendants, is responsible for the alleged deliberate indifference toward the Plaintiff's false imprisonment and medical needs.

The Eleventh Circuit has held that the Alabama Code does not authorize a *county* to supervise inmates in county jails. *Turquitt v. Jefferson County, Ala.,* 137 F.3d 1285, 1289 (11th Cir. 1998). Rather, "authority over inmates is expressly delegated to Alabama *sheriffs*. Moreover, in operating the jails, sheriffs are subject to control by state executive agencies, not by counties. Under the Alabama Code, *the sheriff* has control over the inmates of the jail, the employees of the jail, and the jail itself." *Id.* at 1289 (footnote omitted) (emphasis added). Thus, to the extent that the Complaint alleges that Covington County was responsible for (1) Sheriff Meeks or (2) Lieutenant West violating the rights of the Plaintiff, the claims against Covington County are due to be dismissed with prejudice.

As for the Plaintiff's more recent allegations of a joint venture between the County and the sheriff, the defendants are correct in their argument that the court should only consider the substance of the Plaintiff's complaint. "When considering a motion to dismiss . . . the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citing *GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir. 1993)). Therefore, because

the Plaintiff did not plead the joint venture theory of liability in his Complaint, the Court will not consider it now.  For all the foregoing reasons, Covington County, Alabama is due to be dismissed as a Defendant in this case.

### (b) Whether The Claims Against Sheriff Meeks and Lieutenant West Warrant Dismissal Because of Their Qualified Immunity

As discussed above, the Plaintiff asserts two cognizable claims for relief in the complaint: (1) that the Defendants showed deliberate indifference to his heart condition and medical needs; and (2) that the Defendants detained him unlawfully or otherwise falsely imprisoned him in violation of the U.S. Constitution and Alabama state law.  The Defendants essentially acknowledge both claims in the Brief in Support of their Motion to Dismiss.  *See* Doc. 19 at p. 7.  They assert that "even if [Plaintiff] had identified a proper provision of federal law, neither Sheriff Meeks nor Lt. West was deliberately indifferent."  *Id.*  The Defendants argue that if the Plaintiff's rights were violated, they are nonetheless shielded from liability by qualified immunity.

"Under the doctrine of qualified immunity, government officials performing discretionary functions may not be held individually liable for civil damages so long as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *West,* 496 F.3d at 1326-27 (citation omitted).  When a defendant claims qualified immunity as a defense, he first bears the burden of showing that the actions at the basis of the complaint were performed in his discretionary authority.  *See Evans v. Hightower,* 117 F.3d 1318, 1320 (11th Cir. 1997). In the instant case, the Defendants indeed exercised discretionary authority.  Deciding

whether or not to detain a person in custody or whether or not to supply requested medication to a detainee is within the discretionary duties of a sheriff or deputy.

After establishing the discretionary conduct of the Defendant, the burden then shifts to the Plaintiff to prove that (1) the Plaintiff suffered a constitutional violation and (2) the constitutional right infringed was clearly established.  *See Pearson v. Callahan,* 129 S. Ct. 808, 818 (2009) (*receding from Saucier v. Katz,* 533 U.S. 194 (2001)).[10]  For the reasons stated in earlier analysis, the Plaintiff clears his first hurdle by asserting a violation of his constitutional rights under the Fourteenth Amendment.  The second hurdle – the "clearly established law" – is a bit more cumbersome.  "A party may show that the law was clearly established by (1) pointing to 'a materially similar case [that has] already decided that what the [official] was doing was unlawful'" or "(2) demonstrating that "the words of the pertinent federal statute or federal constitutional provision . . . [are] specific enough to establish clearly the law applicable to particular conduct and circumstances . . . ."  *Storck v. City of Coral Springs,* 354 F.3d 1307, 1317 (11th Cir. 2003).

The Defendants argue that there are "no materially similar cases" that are sufficiently specific or on point which establish clear law.  *See* Doc. 19 at pp. 10-11.  Specifically, as to the deliberate indifference to medical care claim, the Defendants rely on the lack of allegations or proof that they actually *knew* about the Plaintiff's medical condition.  As to the false imprisonment claim, they assert their right to detain an inmate

---

[10] The Supreme Court in *Pearson* differed from the Court in *Saucier* in holding that those two factors did not necessarily have to be considered in the particular order stated above.  *Pearson,* 129 S. Ct. at 818.

without charges under certain circumstances – namely when the inmate or detainee has not satisfied the requirements of Alabama state law pertaining to the registration of convicted sex offenders.  *See* Doc. 19 at pp. 10-11 (citing Alabama's Community Notification statute at ALA. CODE § 15-20-22(a)(1)).

### (i)    Deliberate Indifference to Plaintiff's Medical Need Claim

It is established that "a jail official violates a pre-trial detainee's Fourteenth Amendment right to due process if he acts with deliberate indifference to the serious medical needs of the detainee." *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997) (citing *Thomas v. Town of Davie*, 847 F.2d 771, 772 (11th Cir. 1988)). The Eleventh Circuit has in fact held that an inmate has stated a claim where he alleges that officials were deliberately indifferent to his request for drug therapy for a diagnosed heart condition.  *Skillern v. Ga. Dep't. of Corrs.*, 191 F. App'x 847, 852 (11th Cir. 2006). Thus, the Defendants had the requisite fair warning of clearly established law.   The Defendants' contention that there are no similar cases on point is unpersuasive for at least two reasons.  First, as discussed already, and contrary to the Defendants' position, the Plaintiff does allege knowledge or intent.  *See* Doc 1 at p. 2.   Second, the facts of *Skillern*, cited above, are very similar to the Plaintiff's facts:  Mr. Skillern alleged that he had been prescribed medication for his heart condition; he simply claimed that he was not receiving the prescribed drug therapy, and that his complaints – presumably to the named defendants – went unanswered.  *See Skillern*, 191 F. App'x at 851-52.  Skillern neither identified the constitutional provision that the defendants were violating, nor explicitly stated how the named defendants had knowledge of his medical need.  *See id*.  Since the

Plaintiff's facts essentially provide the same level of detail, the Complaint in the instant case is sufficient to survive the motion to dismiss on the deliberate indifference to medical need claim, and the Defendants are not entitled to qualified immunity.

### (ii)     Deliberate   Indifference   to   Plaintiff's   §1983   False Imprisonment / Unlawful Detention Claims

As for the false imprisonment or unlawful detention claim, the Defendants' argument holds merit.  The Defendants contend that the Plaintiff's Complaint "fail[s] to negate" the possibility that "the Plaintiff might have been a sex offender subject to registration, notification, and residence restrictions [of Alabama's Community Notification Act] and failed to provide a valid address in time."  Doc 19 at pp. 10-11. No clearly established law prohibits the Defendants from holding a person in custody in accordance with the terms of Alabama's Community Notification Act governing the registration and residency requirements for convicted sex offenders.  The Act governs the release of convicted sex offenders and subjects them to reporting requirements as well as penalties for failure to comply with the terms of the Act.  *See* ALA. CODE § 15-20-22.   Specifically, the Act requires that "[o]ne hundred eighty days[11] prior to the release of an adult criminal sex offender . . . [t]he responsible agency shall require the adult criminal sex offender to declare . . . the actual physical address at which he or she will reside or live upon release. . . ."  *Id.* at (a)(1).  The Act further states that "the sheriff

---

[11] At the time of the Plaintiff's imprisonment, the Alabama Community Notification Act required that an offender declare his physical residence *forty-five days* prior to release.  ALA. CODE § 15-20-22(a) (2005).  Plaintiff cites this version of the Community Notification Act in his Response to the Motion to Dismiss.  *See* Doc. 21 at p. 6.  This variation from the 2009 amendment's 180 day requirement has no bearing on the Court's analysis.  Under either version of the Act, the State's law enforcement agencies are required to detain sex offenders who do not comply with the Act's requirements.

from the county of the last conviction for a criminal sex offense shall make arrangements to have [a non-compliant] offender immediately remanded to his or her custody. . . .  Any adult criminal sex offender charged with violating this section may only be released on bond on the condition that the offender is in compliance with this section before being released."  *Id.* at (a)(1)(a).

In his Response, the Plaintiff states that Lieutenant West originally arrested him on September 30, 2008 for violating the Community Notification Act.  *See* Doc. 21 at p. 6.  Plaintiff alleges that at that time, he notified the Defendants of his new address; he therefore asserts that he satisfied the statutory requirements for registration of his address at that time.  *Id.*  He essentially argues that the Defendants were personally aware of what he perceived to be compliance with the Act.  However, the Plaintiff's arguments fail to show that the Defendants had requisite notice that a detention under the terms of the Community Notification Act was unconstitutional.  *See Pearson,* 129 S. Ct. at 818.  Therefore, the claims of false imprisonment or unlawful detention under § 1983 warrant dismissal because the Plaintiff cannot show that he has a clearly established constitutional right to be free from a detainment resulting from the Defendants' attempts to comply with the Alabama Community Notification Act.  Thus, the Defendants are entitled to qualified immunity.

### (iii) Whether the State Law Claim of False Imprisonment Against Sheriff Meeks and Lieutenant West Warrants Dismissal Because of State Immunity

Under Alabama law, Sheriffs are entitled to the absolute immunity from a lawsuit that is afforded to the State itself by Article I, Section 14 of the Alabama Constitution.

*Ex parte Davis*, 930 So. 2d 497, 500-01 (Ala. 2005) (citing *Boshell v. Walker County Sheriff*, 598 So. 2d 843, 844 (Ala. 1992)).   Sheriff's deputies are afforded the same immunity from suit.   *Ex parte Purvis*, 689 So. 2d 794, 796 (Ala. 1996).   The only exceptions to absolute state immunity for a sheriff arise in

> "actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under a mistaken interpretation of the law, or (5) under the Declaratory Judgment Act to seek construction of a statute if he is a necessary party for the construction of the statute."

*Boshell,* 598 So. 2d at 844.   Upon examination of the Plaintiff's complaint, none of the exceptions apply since Plaintiff is not seeking any of the injunctive remedies identified above. Therefore, the Defendants are immune from any state law tort claim for false imprisonment.

## VI. SURVIVING CLAIMS

In summary, all of the Plaintiff's claims against Covington County, Alabama are due to be dismissed with prejudice.  Only the Plaintiff's claim of deliberate indifference to his medical needs should remain pending against Defendants Sheriff Meeks and Lieutenant West.

## VII. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1) The motion for summary judgment (Doc. 16, which the Court construes as a motion for default judgment) be **DENIED;**

(2) The motion to dismiss (Doc. 18) be **GRANTED in part and DENIED in part**;

(3) Plaintiff's claims against Defendant Covington County, Alabama be dismissed with prejudice;

(4) Plaintiff's claims against Defendants Meeks and West be dismissed with prejudice except for Plaintiff's § 1983 claim of deliberate indifference to his medical needs, which shall remain pending;

(5) The Plaintiff be directed to file, within fourteen days of the adoption of this Recommendation, an amended complaint as to his surviving deliberate indifference claim;

(6) Defendant's motion to dismiss the claim for deliberate indifference to the Plaintiff's medical needs be denied without prejudice with leave to re-file after the Plaintiff is permitted to amend his complaint;

(7) This case be **REFERRED BACK** to the Magistrate Judge for further appropriate proceedings.

**IT IS FURTHER ORDERED** that the parties file any objections to this Recommendation on or before **October 29, 2010.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 15th day of October, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE